IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LORENZO NICHOLS | : | CIVIL ACTION |
| Petitioner | : | |
| v. | : | |
| | : | No. 08-cv-2445 |
| BRIAN COLEMAN, et al. | : | |
| Respondents | : | |

**MEMORANDUM OPINION AND ORDER**

GOLDEN, J.                                                                                                                        MARCH 16, 2010

On May 21, 2008, Petitioner filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his criminal convictions for various Pennsylvania offenses. On December 4, 2008, the United States Magistrate Judge filed a Report and Recommendation requesting that this Court dismiss as untimely Petitioner's application. (Doc. No. 20). Petitioner objects to the following three conclusions rendered by the Magistrate Judge: (1) that Petitioner's January 15, 2006 attempt to file a PCRA petition did not toll the one-year limitation period, thereby rendering his May 21, 2008 habeas petition untimely pursuant to 28 U.S.C. § 2244(d)(2); (2) that Petitioner's May 12, 2006 petition for habeas corpus filed in the Pennsylvania Court of Common Pleas also did not toll the one-year limitation period; and (3) that Petitioner is not entitled to equitable tolling. The Court overrules Petitioner's first objection and approves of the Magistrate Judge's conclusion, but modifies his holding. The Court overrules Petitioner's remaining two objections and adopts the Magistrate Judge's findings. Accordingly, Petitioner's petition for a writ of habeas corpus is dismissed with prejudice.

**STANDARD**

Where a habeas petition has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B), the court reviews *de novo* "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). After completing such review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

**ANALYSIS**

With some exceptions not applicable here, a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner does not contest the fact that his conviction became final on August 31, 2004, which began the one-year limitation period.[1] (Report at 6). However, the limitation period was ultimately tolled until December 8, 2006 due to Petitioner's

---

[1] Petitioner's first PCRA petition was filed on or about October 9, 2001 (and received by the PCRA Unit of the Court of Common Pleas on October 9, 2001), and denied on January 7, 2003. (Resp't Resp. at 2-3; Resp't Exs. B, C; Pet'r. Objections, Attach. D at 4, docket entry #4). The PCRA Court, however, granted Petitioner some direct appeal rights, permitting Petitioner to appeal, *nunc pro tunc*, to challenge jurisdiction, the voluntariness of his plea, and/or the validity of his sentence. (Resp't Ex. C). The Pennsylvania Superior Court affirmed Petitioner's sentence on October 30, 2003. Commonwealth v. Nichols, 839 A.2d 1159 (Pa. Super. Ct. 2003) (table); (Resp't Ex. C). Petitioner's petition for allowance of appeal was denied by the Pennsylvania Supreme Court on June 2, 2004. Commonwealth v. Nichols, 852 A.2d 312 (Pa. 2004) (table); (Resp't Ex. A at 7). Petitioner had ninety days to seek *certiorari* in the United States Supreme Court, but did not do so—leading to a final conviction date of August 31, 2004. (Report at 2-3, 6); see also U.S. Sup. Ct. Rule 13; Jimenez v. Quarterman, 129 S. Ct. 681, 685 (2009) (holding that a state court's grant of right to file an out-of-time direct appeal resets the date when the conviction becomes "final" under AEDPA).

first November 24, 2004 PCRA petition. (Id.).² As a result, Petitioner's habeas deadline was September 14, 2007.³ (Id. at 3 n.3, 6); see 28 U.S.C. § 2244(d)(2). Petitioner filed the habeas petition now before this Court on May 21, 2008, more than eight months after the deadline. (Report at 4 n.4).

A.     **January 15, 2006 PCRA Petition**

Petitioner contends that his second January 15, 2006 PCRA petition tolled the one-year limitation period, leading to a habeas deadline well beyond September 14, 2007. (Report at 7-8; Pet'r Objections at 1-3). On approximately January 15, 2006—over 16 months after his conviction became final—Petitioner sent this PCRA filing via certified mail to the PCRA Unit at the Criminal Justice Center at 1301 Filbert Street in Philadelphia. (Pet'r. Objections, Attach. A). Petitioner wrote three letters to the Clerk of Quarter Sessions, dated February 20, 2006, April 9, 2006, and May 15, 2006, inquiring as to the status of his January 15, 2006 petition. (Pet'r Reply, Attach. 1). Petitioner never received notice that his PCRA submission was filed, (Pet'r Reply at 1), and it appears that this petition has never been acted upon by an adjudicatory body. For the reasons stated below, the Court concludes that the January 15, 2006 PCRA submission constituted a "filing" that was "pending" for the purposes of 28 U.S.C. § 2244(d)(2). However, this PCRA submission did not have a tolling effect on the one-year habeas deadline because it

---

² Because the PCRA court granted Petitioner direct appeal rights in response to his October 9, 2001 PCRA petition, the Court will consider his November 24, 2004 and January 15, 2006 filings as his "first" and "second" PCRA petitions respectively. See Commonwealth v. Karanicolas, 836 A.2d 940, 944 (Pa. Super. Ct. 2003) ("When a petitioner is granted a direct appeal *nunc pro tunc* in his first PCRA petition, a subsequent PCRA petition is considered a first PCRA petition for timeliness purposes.").

³ On November 24, 2004—eighty-five days after Petitioner's conviction became final—Petitioner filed his first PCRA petition. (Resp't Resp. at 3; Resp't Ex. E). This petition was denied by the PCRA Court on April 7, 2006. (Resp't Ex. A at 10). Petitioner's appeal was dismissed by the Superior Court on November 8, 2006. (Id. at 13; Report at 3). On December 8, 2006, thirty days later, the tolling period ended, and Petitioner had 280 days—until September 14, 2007—to file his habeas petition. (Report at 3, 6).

was untimely, and therefore improperly filed under Pennsylvania law.

"The time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is *pending* shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). The U.S. Supreme Court has held that an "application is 'filed,' as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record." See Artuz v. Bennett, 531 U.S. 4, 8 (2000); see also Gale v. Vaughn, 83 F. App'x 472, 474-75 (3d Cir. 2003), cert. denied, 542 U.S. 909 (2004). A properly filed state petition is one that is "submitted according to the state's procedural requirements, such as the rule governing the time and place for filing." Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998).

The docket issued by the Administrative Office of Pennsylvania Courts ("AOPC") does not reflect a January 2006 PCRA filing (Resp't Resp. at 3 n.1; Resp't Ex. A at 9), and this filing is not present in the Quarter Sessions file (Report at 7). However, a copy of Petitioner's PCRA petition was sent to the District Attorney's Office and the District Attorney's copy bears the stamp "Received January 17, 2006 PCRA Unit." (Resp't Ex. G). More significantly, the docket issued by the Criminal Appeals/Post Trial Unit of the Court of Common Pleas at 1301 Filbert Street in Philadelphia—which is certified by the Clerk of the Appeals Unit—reflects this January 2006 filing in docket entry #18. (Pet'r Objections, Attach. D at 7-8). The Criminal Appeals/Post Trial Unit docket also reflects Petitioner's first November 24, 2004 PCRA petition, which was fully adjudicated by the Pennsylvania courts. (Id. at 7). Based on this evidence, the Court respectfully disagrees with the Magistrate Judge and concludes that, under Artuz, the January 15,

2006 PCRA submission constituted a "filing" that was "pending." Indeed, flexibility is required with *pro se* prisoner litigants, as such litigants have a limited ability to ensure that, after a petition is docketed, it is handled properly and given to the appropriate adjudicatory body. See Commonwealth v. Little, 716 A.2d 1287, 1289 (Pa. Super. Ct. 1998) (discussing the circumstances which hinder the effective monitoring of *pro se* petitions).

Even if Petitioner's January 15, 2006 PCRA petition was not docketed, this petition would still be considered "filed" pursuant to the prisoners mailbox rule. "Pennsylvania state courts apply a 'prisoners' mailbox rule,' under which a prisoner's PCRA petition is deemed filed on the date that the prisoner delivers it to the proper prison authority or to a prison mailbox." Perry v. Diguglielmo, 169 F. App'x 134, 135 n.3 (3d Cir. 2006) (citing Little, 716 A.2d at 1289), cert. denied, 549 U.S. 927 (2006). Ordinarily, "to avail himself of the prisoner mailbox rule, an incarcerated litigant must supply sufficient proof of the date of mailing." Douglas v. Beard, No. 00-4935, 2002 WL 550474, at *3 n.5 (E.D. Pa. Apr. 12, 2002) (quoting Thomas v. Elash, 781 A.2d 170, 177 (Pa. Super. Ct. 2001)), aff'd, 359 F.3d 257 (3d Cir. 2004). Petitioner has filed with the Court a U.S. Postal Service Certified Mail Receipt that indicates that his PCRA petition was delivered to the PCRA Unit in January 2006. (Pet'r Objections, Attach. A). As Petitioner has presented proof of the date of mailing, the Court concludes that Petitioner's PCRA submission was both "filed" on January 15, 2006 and "pending" after that date pursuant to the prisoners mailbox rule. See, e.g., Fernandez v. Artuz, 402 F.3d 111, 116 (2d Cir. 2005) (applying the mailbox rule to determine whether a state petition was "properly filed" and concluding that the application of this rule does not read the word "pending" out of 28 U.S.C. § 2244(d)(2)), cert. denied, 546 U.S. 816 (2005); Huizar v. Carey, 273 F.3d 1220, 1222-23 (9th

Cir. 2001) ("A prisoner who delivers a document to prison authorities gets the benefit of the prison mailbox rule, so long as he diligently follows up once he has failed to receive a disposition from the court after a reasonable period of time"); Gracey v. United States, 131 F. App'x 180, 181 (11th Cir. 2005) (holding that, under the mailbox rule, "a pro se prisoner's § 2255 motion will be deemed filed on the date that the prisoner delivers the motion to prison authorities for mailing," even if the motion "is never received or filed by the court") (per curiam); Cross v. McDonough, No. 06-460, 2008 WL 817088, at *13 (N.D. Fla. Mar. 25, 2008) (holding that the mailbox rule still applied where the petitioner gave the state court filing to prison officials yet the state court had no record of the filing); Commonwealth v. Castro, 766 A.2d 1283, 1284-87 (Pa. Super. Ct. 2001) (holding that an inmate's PCRA petition is considered "filed" on date the petition is delivered by the inmate to the proper prison authorities or to the prison mailbox, rather than on date that the clerk of court dockets the petition); see also Brown v. Shannon, 322 F.3d 768, 771, 774 (3d Cir. 2003) (declining to address the certified question of whether petitioner's state court filing, which was never ruled on because it was lost as a result of mishandling by the trial court, may be considered "properly filed").

However, despite the Court's conclusion that Petitioner's January 15, 2006 petition constituted a "filing" that was "pending," the Court agrees with the Magistrate Judge's ultimate holding that this petition did not toll the one-year limitation period. First, this PCRA filing was untimely under Pennsylvania law and therefore was improperly filed. Any petition, "*including a second or subsequent petition*, shall be filed within one year of the date the judgment becomes final." 42 Pa. Cons. Stat. Ann. § 9545(b) (emphasis added); see also Commonwealth v. Greer, 866 A.2d 433, 436 (Pa. Super. Ct. 2005) ("This timeliness requirement is applicable to all PCRA

petitions, including second and subsequent ones."); Lines v. Larkins, 208 F.3d 153, 164-65 (3d Cir. 2000) (Under Pennsylvania law, "it is now clear that the one year limitation applies to all PCRA petitions including a second petition, no matter when the first was filed."), cert. denied, 531 U.S. 1082 (2001); Barr v. DiGuglielmo, No. 08-316, 2008 WL 2310621, at *3 (E.D. Pa. May 30, 2008) ("Pennsylvania's PCRA has a strict statute of limitations, with few exceptions."). A judgment becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." See 42 Pa. Cons. Stat. Ann. § 9545(b)(3). Petitioner's January 15, 2006 filing occurred well over one year after Petitioner's conviction became final on August 31, 2004. See, e.g., Pace v. DiGuglielmo, 544 U.S. 408, 413-14 (2005) ("When a post-conviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2).") (internal quotations omitted); Merritt v. Blaine, 326 F.3d 157, 166 (3d Cir. 2003), cert. denied, 540 U.S. 921 (2003); Young v. Lawler, No. 4171, 2008 WL 1984059, at *4 n.5 (E.D. Pa. May 2, 2008). None of the exceptions to the one-year rule apply under 42 Pa. Cons. Stat. Ann. § 9545(b), as these exceptions were properly addressed and dismissed by the Magistrate Judge in the context of 28 U.S.C. § 2244(d)(1)(B)-(D). (Report at 10-11).[4]

Second, Petitioner's January 15, 2006 PCRA filing was improperly filed during the pendency of a prior PCRA petition. "[W]hen [a petitioner's] PCRA appeal is pending before a

---

[4] It is also worth noting that, because the PCRA court either mishandled or lost Petitioner's January 15, 2006 filing, the PCRA court did not make a determination as to the petition's timeliness under Pennsylvania law. Thus, the Court is not "engaging in speculative, independent fact finding contrary to the determinations of the PCRA and Superior Courts." See Washington v. Sobina, 509 F.3d 613, 622-23 (3d Cir. 2007).

court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." Young, 2008 WL 1984059, at *4 n.5 (quoting Commonwealth v. Breakiron, 781 A.2d 94, 99 (Pa. 2001)); see also Commonwealth v. Jones, 815 A.2d 598, 604-05 (Pa. 2002) ("A serial or subsequent PCRA petition may not be entertained while such an appeal is pending."); Commonwealth v. Lark, 746 A.2d 585, 588 (Pa. 2000). At the time of Petitioner's January 15, 2006 petition, Petitioner's November 24, 2004 PCRA petition was still pending, and a final decision was not reached on this petition until November 8, 2006 when the Pennsylvania Superior Court dismissed Petitioner's appeal of the PCRA court's denial of Petitioner's claims. (Report at 3; Pet'r Mem. at 3; Resp't Resp. at 3-4; Resp't Exs. A at 1, 13). Accordingly, Petitioner's January 15, 2006 submission was not "properly filed" and did not toll the one-year limitation period pursuant to 28 U.S.C. § 2244(d)(2).

**B.    May 12, 2006 State Habeas Petition**

The Magistrate Judge concluded that Petitioner's May 12, 2006 state habeas petition "fell within the scope of the PCRA," and thus should have been filed as a PCRA petition because the PCRA is the "sole means of obtaining collateral relief." See 42 Pa. Cons. Stat. Ann. § 9542.[5] According to the Magistrate Judge, then, the state habeas petition was not "properly filed" and could not toll the one-year habeas limitation period under 28 U.S.C. § 2244(d)(2). (Report at 8-10); see Satterfield v. Johnson, 434 F.3d 185, 193 (3d Cir. 2006) (holding that, even if the court were to interpret petitioner's King's Bench petition as a state habeas petition, such a state habeas

---

[5] This May 12, 2006 state habeas petition is reflected on the AOPC docket as having been filed on June 7, 2006. (Resp't Ex. A at 12). However, it appears that this petition has not yet been acted upon by the Pennsylvania Court of Common Pleas. (Pet'r Reply at 1; Report at 4).

petition was improperly filed under Pennsylvania law because the PCRA provided petitioner with a post conviction remedy and he failed to comply with the PCRA's requirements), cert. denied, 549 U.S. 947 (2006); Bradley v. Pennsylvania, No. 07-949, 2007 WL 2916450, at *1 (W.D. Pa. Oct. 4, 2007). Petitioner objects to this conclusion on the ground that the PCRA was not validly enacted. Because of this invalidity, he argues that a state habeas petition was his only valid remedy to attack his convictions. Therefore, according to this theory, his state court habeas petition was "properly filed" and tolled the one-year habeas limitation period under 28 U.S.C. § 2244(d)(2). (Pet'r Objections at 3-5); see also 42 Pa. Cons. Stat. Ann. § 6503(b) (stating that the "writ of habeas corpus shall not be available if a remedy may be had by post-conviction hearing proceedings authorized by law") (emphasis added). Petitioner's objection is premised on the contention that the PCRA statute, 42 Pa. Cons. Stat. Ann. § 9541 *et seq.*, is invalid because it does not have an enactment clause pursuant to 1 Pa. Cons. Stat. Ann. § 1101(a).[6] This contention is unfounded and Petitioner's objection is overruled.

Pennsylvania's PCRA statutes do have enacting provisions. See 1997 Pa. Legis. Serv. 1997-33, H.B. No. 87, 181st Legis., Reg. Sess. (June 25, 1997); 1995 Pa. Legis. Serv. 1995-32, S.B. No. 81, 179th Legis., 1st Spec. Sess. (Nov. 17, 1995); 1988 Pa. Legis. Serv. 1988-47, S.B. No. 646, 172nd Legis., Reg. Sess. (Apr. 13, 1988). Petitioner assumes, in error, that because the text of the Pennsylvania Consolidated Statutes does not contain the enacting clauses, the statutes contained therein are invalid. The fact that the enacting clauses are not necessarily reprinted in

---

[6] Pursuant to 1 Pa. Cons. Stat. Ann. § 1101(a), "[a]ll statutes shall begin in the following style: 'The General Assembly of the Commonwealth of Pennsylvania hereby enacts as follows.'" The statute continues: "Such enacting clause shall be placed immediately after the preamble or the table of contents of the statute, or if there be neither preamble nor table of contents, then immediately after the title." Id.

the Pennsylvania Consolidated Statutes "in no way affects the validity of the statutes themselves." See, e.g., State v. Wittine, No. 90747, 2008 WL 4813830, at *4 (Ohio Ct. App., 8th Dist., Nov. 6, 2008) (applying rule under Ohio law). Consequently, the PCRA is valid and was Petitioner's "sole means of obtaining collateral relief." See 42 Pa. Cons. Stat. Ann. § 9542. Because Petitioner filed a state habeas petition instead of a PCRA petition and the relief sought in this state habeas petition was covered by the PCRA, the state habeas petition was not "properly filed." Accordingly, the state habeas petition did not toll the one-year limitation period under 28 U.S.C. § 2244(d)(2).

Furthermore, as Petitioner notes, (Pet'r Objections at 5), Pennsylvania courts may properly treat a state petition for habeas corpus as a PCRA petition. See Commonwealth v. Lusch, 759 A.2d 6, 9 (Pa. Super. Ct. 2000), appeal denied, 771 A.2d 1281 (Pa. 2001); see also Commonwealth v. Peterkin, 722 A.2d 638, 640 (Pa. 1998) ("[T]he PCRA subsumes the remedy of habeas corpus with respect to remedies offered under the PCRA . . . ."). However, even if this May 12, 2006 state habeas petition was treated as a PCRA petition for tolling purposes, it would suffer from the same untimeliness problem as his January 15, 2006 PCRA petition, as it was filed over one year after his conviction became final on August 31, 2004. See 42 Pa. Cons. Stat. Ann. § 9545(b) (stating that a PCRA petition "shall be filed within one year of the date the judgment becomes final"); see also Bradley, 2007 WL 2916450, at *1; Person v. Wynder, No. 05-222, 2005 WL 2346117, at *2 (E.D. Pa. Sept. 23, 2005). Consequently, it cannot be said that the May 12, 2006 state habeas petition, even if construed as a PCRA petition, was properly filed under 28

U.S.C. § 2244(d)(2).[7]

**C.     Equitable Tolling**

Finally, the Court overrules Petitioner's argument that equitable tolling of the one-year limitation period should apply. (Pet'r Objections at 5-6). This objection is merely a re-articulation of the arguments previously made by Petitioner, and these arguments were thoroughly addressed and dismissed by the Magistrate Judge in his report and recommendation. (Report at 11-13). Thus, the Court will not engage in any additional review as it would be duplicative. See Sanford v. Principi, No. 00-0502, 2002 WL 32334396, at *1 (S.D. W.Va. Sept. 26, 2002) (stating that objections that fail to direct the district court to any specific error by the magistrate judge do not trigger *de novo* review because such objections "prevent[] the district court from focusing on disputed issues and thus render[] the initial referral to the magistrate judge useless"), aff'd, 60 F. App'x 473 (4th Cir. 2003), cert. denied, 540 U.S. 1137 (2004).

An appropriate Order will be docketed.

---

[7] For the same reason, under the doctrine of equitable tolling, Petitioner also did not *timely* assert his rights mistakenly in the wrong forum in filing his May 12, 2006 state habeas petition. See Satterfield, 434 F.3d at 195(noting that equitable tolling may be had if, among other reasons, "the plaintiff has timely asserted his rights mistakenly in the wrong forum").